# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RYAN BABJAK and DENISE BABJAK,<br>    Plaintiffs, | )<br>)<br>) |
|     v. | )   CAUSE NO.: 2:15-CV-40-JVB-PRC |
| ARCELORMITTAL USA, LLC and<br>ARCELORMITTAL INDIANA HARBOR, LLC,<br>    Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Plaintiffs' Motion to Compel [DE 42] and a Plaintiffs' Emergency Motion to Compel [DE 43], both filed by Plaintiffs Ryan Babjak and Denise Babjak on June 10, 2016. A Telephonic Status Conference held on June 15, 2016, established that Plaintiffs' requests are no longer emergency in nature. Defendants ArcelorMittal USA, LLC and ArcelorMittal Indiana Harbor, LLC filed a response on July 14, 2016. Plaintiffs filed a reply on July 22, 2016.

In the Motion, Plaintiffs originally sought to compel responses to subpoenas served on Defendants' expert witnesses and to compel depositions under Federal Rule of Civil Procedure 30(b)(6). Plaintiffs filed a certification of good faith conferral pursuant to federal rule. *See* Fed. R. Civ. P. 37(a)(1). The issue of the expert witness subpoenas has been resolved by the parties without the Court's involvement. Because the issue of the expert witness subpoenas was the only issue raised in the Emergency Motion to Compel, the Court denies that motion as moot. The remaining issue is whether Defendants must submit to depositions under Rule 30(b)(6).

When a notice or subpoena is directed toward an organization, the organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If the designated persons do

not have personal knowledge of the matters for examination, then the organization "is obligated to prepare the designees so that they may give knowledgeable and binding answers" for the organization. *DSM Desotech Inc. v. 3D Systems Corp.*, No. 08 C 1531, 2011 WL 117048, at *1 (N.D. Ill. Jan. 12, 2011) (quoting *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)). "[T]here is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent." *Alloc. Inc. v. Unilin Decor N.V.*, Nos. 02-C-1266, 03-C-342, 04-C-121, 2006 WL 2527656, at *2 (E.D. Wis. Aug. 29, 2006) (rejecting a party's attempt to designate prior deposition testimony given by individuals as testimony under Rule 30(b)(6)).

Defendants oppose the motion to compel on the grounds that the relevant personnel have already given depositions on nearly all of the topics raised in the notice of depositions. Therefore, Defendants argue, the depositions would be repetitive, unnecessary, and counter to the proportionality requirements of Federal Rule of Civil Procedure 26. Rule 26 directs the Court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). However, when Defendants' personnel gave their depositions, they were testifying as fact witnesses on behalf of themselves as individuals. There is no representation that Defendants prepared the personnel so that the personnel would be able to give knowledgeable answers that would be binding on Defendants. Further, Plaintiffs had no notice that they should ask questions of these deponents as to Defendants' knowledge about the relevant matters. Because depositions given by individuals on their own behalf and depositions given by organizations' designees are qualitatively different, the proposed depositions under Rule 30(b)(6) are not duplicative and will not violate the proportionality requirement of Rule 26.

Defendants also argue that the Court's consolidation of this case with another case for the purpose of conducting certain depositions only one time weighs in favor of denying the instant motion. However, the Court consolidated the cases for a limited purpose—to avoid parallel depositions of fact witnesses in related cases. The consolidation is not meant to be a blanket ban on having a person sit for two depositions.[1] The instant motion does not seek to require a witness to sit for one deposition in the related case and another in the instant case—the situation which the consolidation was made to avoid. The consolidation does not speak to the issue presented here: a person being deposed both as an individual fact witness and as the designee of an organization.

Though Defendants assert that the depositions sought are not proportional to the needs of the case, Defendants do not identify any specific topics that they consider disproportional. Nor do Defendants argue that a different form of discovery would be more appropriate. Instead, Defendants, without citation to any case law, contend that they should not be required to submit to any deposition because individual witnesses have already been deposed on the same subjects. However, Defendants, who are parties to this litigation, have not yet submitted to a deposition and cannot avoid doing so in this cause of action on the arguments they have presented.

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion to Compel [DE 42] and **ORDERS** Defendants to designate an appropriate person or persons to testify on their behalf and to provide a date on which the deposition(s) can take place. Defendants must do so by **August 15, 2016**. The Court **DENIES as moot** Plaintiffs' Emergency Motion to Compel [DE 43].

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

---

[1] Plaintiffs represent that Plaintiff Ryan Babjak sat for two depositions in this litigation: one on the topic of liability and one on the topic of damages. (Reply 1, ECF No. 57).

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This issue has not been briefed. Any objection to the award of attorney fees incurred by Plaintiffs in the litigation of this motion must be filed by **August 23, 2016**. Any response by Plaintiffs must be filed by **September 6, 2016**. If a response is filed, a reply may be filed no later than **September 13, 2016**.

SO ORDERED this 9th day of August, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT