# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

RYAN BABJAK and DENISE BABJAK, )
       Plaintiffs, )
        )
   v. ) Cause No.: 2:15-CV-40-JVB-PRC
        )
ARCELORMITTAL USA, LLC and )
ARCELORMITTAL INDIANA HARBOR, )
LLC, )
       Defendants. )

## OPINION AND ORDER

This matter comes before the Court pursuant to this Court's August 9, 2016 Opinion and Order on Plaintiffs' Motion to Compel. The Court granted that motion, ordering Defendants to submit to depositions under Federal Rule of Civil Procedure 30(b)(6). The motion did not ask for attorney fees. However, Federal Rule of Civil Procedure 37 states that fees and costs *must* be awarded to the prevailing party. Fed. R. Civ. P. 37(a)(5). There are a few exceptions to this rule, and the Court may only award fees after the losing side has had an opportunity to be heard on the issue. *Id.* The Court accordingly set deadlines for briefing on whether attorney fees should be awarded. Defendant has not filed an objection to the award of reasonable expenses, and the time to do so has passed.

Federal Rule of Civil Procedure 37 provides that if a Motion to Compel is granted—"or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule provides three exceptions: (i) if the motion was filed before the movant attempted in good faith to get the

discovery without court action; (ii) if "the opposing party's non-disclosure, response, or objection was substantially justified"; or (iii) if "other circumstances make an award of expenses unjust." *Id.* "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party to obtain such an award." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) (quoting *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999)).

Because Defendants have not filed an objection, they have not met their burden of showing that it would be unjust to award reasonable expenses.

The Court **AWARDS** Plaintiffs reasonable attorney fees and costs incurred in making the Motion to Compel. The Court **ORDERS** Plaintiffs' attorney to file an affidavit detailing the costs and fees incurred in litigating the motion by **September 2, 2016**. Defendants may file an objection (as to the amount of reasonable expenses only) by **September 16, 2016**, and, if an objection is filed, Plaintiffs may file a response no later than **September 30, 2016**.

SO ORDERED this 24th day of August, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT