UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN BABJAK, et al., )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ARCELORMITTAL USA, LLC, et al., )<br>    Defendants. ) | CAUSE NO.: 2:15-CV-40-JVB-PRC |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiffs' Motion for Default Judgment [DE 71], filed by Plaintiffs Ryan Babjak and Denise Babjak on December 23, 2016, and on ArcelorMittal's Motion for Leave to File Rule 56 Summary Judgment Motions [DE 75], filed by Defendants ArcelorMittal USA, LLC and ArcelorMittal Indiana Harbor LLC on April 10, 2017. Defendants filed a response to the Motion for Default Judgment on December 20, 2016, and Plaintiffs filed a reply on January 6, 2017. Plaintiffs filed a response to the Motion for Leave to File on April 17, 2017.

On May 15, 2017, District Court Judge Joseph Van Bokkelen entered an Order [DE 77] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the Motion for Default Judgment and Motion for Leave to File pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Because the requested sanctions are inappropriate given the circumstances of the dispute as presented in the parties' briefs, the Court recommends that the District Court deny Plaintiffs' Motion for Default Judgment. The Court also recommends that the District Court grant the Motion for Leave to File.

**A. Motion for Default Judgment**

On August 9, 2016, the Court granted a Plaintiffs' Motion to Compel and ordered Defendants to designate witnesses and available dates for depositions under Federal Rule of Civil Procedure 30(b)(6). The Court set the deadline by which to comply for August 15, 2016. In their memorandum in support of the instant motion, Plaintiffs state that Defendants have neither designated deponents nor proposed deposition dates. Plaintiffs argue that Defendants' failure to comply with the Court's Order renders Defendants subject to sanctions. Plaintiffs assert that appropriate sanctions are either entering default judgment against Defendants or barring Defendants from filing any motion for summary judgment and from presenting any argument or evidence in their defense at trial.

The sanction of default judgment is a drastic one. *Evans v. City of Chi.*, 513 F.3d 735, 743 (7th Cir. 2008); *Rice v. City of Chi.*, 333 F.3d 780, 785-86 (7th Cir. 2003). The Seventh Circuit Court of Appeals "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Default judgment is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

The alternative sanctions sought—barring Defendants from filing a motion for summary judgment and from presenting any argument or evidence in their defense at trial—are less drastic but still severe.

It is undisputed that Defendants had not complied with the Court's August 9, 2016 Order prior to the date on which Plaintiffs filed their motion. However, Defendants, in their response, state that, prior to the filing of the instant motion, the parties had been engaging in discovery, including depositions, and that Defendants reached out to Plaintiffs regarding Rule 30(b)(6) depositions following the filing of the instant

2

motion. Defendants attached correspondence sent on December 28, 2016, in which Defendants identified their Rule 30(b)(6) witnesses and offered multiple dates in January 2017 for the depositions.

Defendants argue that, despite Defendants' noncompliance with the Court's Order, the sanctions suggested by Plaintiff are inappropriate because Defendants have been participating in discovery and because Defendants had not actively refused to produce witnesses for a Rule 30(b)(6) deposition after ordered to do so by the Court.[1] Instead, Defendants contend, the depositions had simply not yet been scheduled. These arguments are bolstered by Defendants' messages sent to Plaintiffs via counsel in which Defendants proposed deposition dates and identified the witnesses.

Defendants also argue that sanctions are inappropriate because Plaintiffs have not suffered prejudice from the delay in deposing Rule 30(b)(6) witnesses. Plaintiffs disagree and assert that they are prejudiced by the delay. However, Plaintiffs waited four months after the close of discovery to file the instant motion. To the extent that Plaintiffs have need to conduct additional discovery in light of matters learned at the Rule 30(b)(6) depositions, leave to conduct that discovery can be requested. To the extent the Plaintiffs argue that they are prejudiced by the delay in proceeding to trial, this argument is undercut by Plaintiffs' own delay in bringing the instant motion.

---

[1] Defendants also argue that the motion should be denied because Plaintiffs have not complied with Federal Rule of Civil Procedure 37(a)(1) or Northern District of Indiana Local Rule 37-1(a). Plaintiffs counter that these rules do not apply to the instant motion and, thus, that Plaintiffs had no obligation to either confer with Defendants or file a certification of conferral.

The conferral requirement in Federal Rule of Civil Procedure 37 does not apply to subpart (b), under which this motion is brought, so that requirement is inapplicable to the instant motion. However, Local Rule 37-1 requires a certification of good faith conferral or of attempt to confer for "any discovery motion," which appears to be broader in scope than the federal rule. The Court need not decide whether the instant motion is a discovery motion within the scope of the local rule, however, as denial for failure to file the certification is discretionary, *see* N.D. Ind. L.R. 37-1(b) ("The court may deny any motion . . . if the required certification is not filed." (emphasis added)), and there is an independent ground upon which to deny the motion.

3

It appears that the issue between the parties could have been resolved without the Court's involvement if Plaintiffs had conferred with Defendants as a first step instead of filing the instant motion. Further, Defendants' failure to comply with the Court's deadline, though ill-advised and improper, does not appear to be the result of willfulness or bad faith. Thus, the drastic sanctions suggested by Plaintiffs—default judgment or precluding Defendants from filing a motion for summary judgment and from presenting any evidence in defense—are inappropriate here, and the Court recommends that the request to impose these sanctions be denied.

Federal Rule of Civil Procedure 37(b)(2)(C) states that

> [i]nstead of or in addition to the [discovery sanctions] above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiffs made the choice to file the instant motion without first conferring with Defendants to learn if this matter could be resolved without judicial involvement. In light of Defendants' response and correspondence with Plaintiffs and the apparent lack of willfulness or bad faith on the part of Defendants, the circumstances here would make an award of expenses unjust, and the undersigned recommends that the District Court decline to award reasonable expenses.

### B. Motion for Leave to File

Defendants request leave to file a motion for summary judgment under Federal Rule of Civil Procedure 56. In support, Defendants note that there are no Court-scheduled deadlines for filing such motions and that Defendants filed notice of intent to file such a motion as required by the Court. Plaintiffs, in opposition, repeat their arguments from the Motion for Default Judgment that Defendants should be

4

sanctioned for their noncompliance with the Court's August 9, 2016 Order and that an appropriate sanction would be to not allow Defendants to file summary judgment motions. Based on the Court's analysis of Plaintiffs' arguments in the context of the Motion for Default Judgment, the Court again rejects Plaintiffs' arguments that the requested sanctions should be imposed. Accordingly, the Court recommends that the Motion for Leave to File be granted.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion for Default Judgment [DE 71], **DECLINE** to award reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C), **SET** the deadline for the Rule 30(b)(6) depositions for thirty days after the District Court rules on the Motion for Default Judgment, and **ORDER** Plaintiffs to file, within seven days after the Rule 30(b)(6) depositions, either a motion to reopen discovery for the limited purpose of conducting discovery on newly learned matters that arose in the depositions or a status report indicating that no additional discovery is needed.

The Court further **RECOMMENDS** that the District Court **GRANT** ArcelorMittal's Motion for Leave to File Rule 56 Summary Judgment Motions [DE 75] and **ADVISE** the parties that the briefing deadlines set forth in Northern District of Indiana Local Rule 56-1 apply to any such motion.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v.*

5

*Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 16th day of May, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
